IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOHN MARPLE, as Administrator of the
Estate of ROBIN SUE MARPLE, deceased,

    Plaintiff,

v.                                          Civil Action No. 5:10CV3
                                                               (STAMP)

ALLSTATE INSURANCE COMPANY,
LARRY D. POYNTER, individually,
and STEVE HATCHER, individually,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND;
GRANTING DEFENDANT ALLSTATE INSURANCE COMPANY'S
MOTION FOR LEAVE TO FILE SURREPLY IN
OPPOSITION TO PLAINTIFF'S MOTION TO REMAND;
DIRECTING THE CLERK TO FILE DEFENDANT
ALLSTATE INSURANCE COMPANY'S SURREPLY;
DENYING WITHOUT PREJUDICE DEFENDANT
ALLSTATE INSURANCE COMPANY'S MOTION TO DISMISS;
DENYING WITHOUT PREJUDICE DEFENDANT LARRY D. POYNTER
AND DEFENDANT STEVE HATCHER'S MOTION TO DISMISS**

I. Procedural History

The plaintiff filed this civil action in the Circuit Court of Marshall County, West Virginia against the above-named defendants alleging violations of the West Virginia Unfair Trade Practices Act ("UTPA") and common law fraud. The defendants then filed a notice of removal in this Court based upon diversity jurisdiction. The plaintiff then filed a motion to remand to which defendant Allstate Insurance Company ("Allstate") responded. Defendants Larry D. Poynter and Steve Hatcher ("adjuster defendants") filed a separate response. The plaintiff then filed a reply. Allstate then filed

a motion for leave to file a surreply.  In addition, Allstate and the adjuster defendants filed motions to dismiss.

Having reviewed the parties' pleadings and the relevant law, this Court finds that diversity jurisdiction does not exist. Accordingly, the plaintiff's motion for remand must be granted. Further, for good cause shown, this Court grants Allstate's motion for leave to file a surreply.  Finally, this Court denies without prejudice Allstate's motion to dismiss and the adjuster defendants' motion to dismiss to the parties raising the same issues before the Circuit Court of Marshall County, West Virginia.

## II. Facts

On December 2, 2009, the plaintiff filed this action in Marshall County seeking recovery of losses or damages incurred as a result of Allstate's alleged failure to pay "stacked" underinsured motorist coverage in the amount of $100,000.00 rather than a single vehicle limit of $50,000.00 to compensate him for the death of his daughter as a consequence of a vehicle collision on September 23, 1988.  In addition to suing Allstate, the plaintiff also sued Larry Poynter and Steve Hatcher,[1] nondiverse adjusters.

---

[1]The plaintiff, in his complaint, states that defendant Steve Hatcher is a resident of Virginia.  In his motion to remand, the plaintiff states that Hatcher is a non-diverse defendant.  This Court notes that because Larry Poynter is a resident of West Virginia, this Court must remand regardless of defendant Hatcher's residency.

2

The defendants claim fraudulent joinder as to the adjuster defendants.

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. A federal district court has original jurisdiction over cases between citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a).

The party seeking removal bears the burden of establishing federal jurisdiction. Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

The doctrine of fraudulent joinder creates an exception to the requirement of complete diversity. See Mayes v. Rapoport, 198 F.3d 457, 461 (4th Cir. 1999). Under this doctrine, removal is permitted even if a non-diverse party has been named as a defendant at the time the case is removed if the non-diverse defendant has been fraudulently joined. Id. "This doctrine effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain

jurisdiction." Id. When fraudulent joinder is alleged, a court is permitted to examine the entire record by any means available in order to determine the propriety of such joinder. Rinehart v. Consolidation Coal Co., 660 F. Supp. 1140, 1141 (N.D. W. Va. 1987).

IV. Discussion

In his pleadings in support of remand, the plaintiff argues that diversity jurisdiction is absent because the parties are not completely diverse. The defendants, in their responses, contend that the plaintiff fraudulently joined non-diverse defendants Poynter and Hatcher to defeat diversity jurisdiction.

To establish fraudulent joinder, "the removing party must demonstrate either 'outright fraud in the plaintiff's pleading of jurisdictional facts' or that 'there is no possibility that plaintiff would be able to establish a cause of action against the in-state defendant in state court.'" Hartley v. CSX Transp., Inc., 187 F.3d 422, 424 (4th Cir. 1999) (quoting Marshall v. Manville Sales Corp., 6 F.3d 229, 232 (4th Cir. 1993)). A claim of fraudulent joinder places a heavy burden on the defendant. Marshall, 6 F.3d at 232. "[T]he defendant must show that the plaintiff cannot establish a claim against the nondiverse defendant even after resolving all issues of fact and law in the plaintiff's favor. A claim need not ultimately succeed to defeat removal; only a possibility of a right to relief need be asserted." Id. at 232-233 (citations omitted). "Once the court identifies this glimmer

4

of hope for the plaintiff, the jurisdictional inquiry ends." Hartley, 187 F.3d at 426 (emphasis added). Therefore, in order to successfully prove fraudulent joinder, a defendant must demonstrate by clear and convincing evidence that, after resolving all issues of fact and law in the plaintiff's favor, the plaintiff has not alleged any possible claim against the co-defendant. Rinehart, 660 F. Supp. 2d at 1141. A non-diverse party named in the state court action may be disregarded for determining diversity of citizenship when the party's joinder is fraudulent. Mayes, 198 F.3d at 461.

Here, the defendants do not allege outright fraud in the plaintiff's pleadings. Therefore, to defeat the plaintiff's motion to remand, the defendants must establish by clear and convincing evidence that, even resolving all issues of fact and law in the plaintiff's favor, the plaintiff has not alleged any possible claim against Poynter and Hatcher. The defendants have not met this burden.

Because the plaintiff's grounds for relief are based upon West Virginia law, the Court looks to the law of that state to determine whether the adjuster defendants were fraudulently joined. The plaintiff asserts a cause of action against Poynter and Hatcher for civil conspiracy, fraud, and violation of the UTPA.

A.  Civil Conspiracy

In his complaint, the plaintiff does not allege a cause of action for civil conspiracy. The plaintiff argues civil conspiracy

for the first time in his motion to remand. The plaintiff asserts that he does not need to set forth a detailed factual basis for his claim of civil conspiracy, but, for support, cites a case from the Southern District of West Virginia written prior to the Supreme Court's opinions in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Federal Rule of Civil Procedure ("Rule") 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 does not require "detailed factual allegations," but a "pleading that offers 'labels and conclusions' or 'formulaic recitation of the elements of a cause of action will not do.'" Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 570). A complaint that offers merely "'naked assertion[s]' devoid of 'further factual enhancement'" will not suffice. Id. (citing Twombly, 550 U.S. at 557). Because the plaintiff did not plead a cause of action for civil conspiracy in his complaint, there is no possibility he can recover on that theory against the adjuster defendants.

B.  Fraud

Under West Virginia law, a common law bad faith cause of action does not exist against insurance adjusters because adjusters are not parties to the insurance contract. Grubbs v. Westfield Ins. Co., 430 F. Supp. 2d 563, 567 (N.D. W. Va. 2006). Adjusters employed by insurance companies may become licenced to represent

6

both insurance companies' and insureds' interests. W. Va. Code § 33-12B-1 to 33-12B-3. The West Virginia Code, however, prohibits adjusters from representing both on the same claim in order to avoid a conflict of interest. W. Va. Code § 33-12B-3. West Virginia law provides that adjusters act "on behalf solely of either the insurer or insured." W. Va. Code § 33-12B-1. Accordingly, "adjusters owe their allegiance solely to the insurance company." Grubbs, 430 F. Supp. 2d at 568. This Court finds that the plaintiff has not alleged a claim for common law bad faith against the adjuster defendants.

C. Violation of the UTPA

In Taylor v. Nationwide Mutual Ins. Co., 589 S.E.2d 55, (W. Va. 2003), the Supreme Court of Appeals of West Virginia held that a cause of action exists in West Virginia to hold a claims adjuster employed by an insurance company personally liable for violations of the UTPA. The court explained that the UTPA prohibits any "person" from engaging in unfair or deceptive acts in the business of insurance, and that the definition of "person" includes any "individual." Id. at 60 (citing W. Va. Code § 33-11-4(1)(a) and § 33-11-2(a)). The court went on to conclude that "this definition of 'person' is clear and unambiguous and plainly expresses the legislative intent to include 'any individual' within the scope of the term 'person' for purposes of the Act. Further, it is undisputed that a claims adjuster is an individual." Id. at 61.

Finally, the court added in a footnote that "[o]f course, an individual within the scope of the Act must be involved in the business of insurance." Id. at 61 n.13. This Court finds that the holding in Taylor is logically extended to Poynter and Hatcher, as they are adjusters involved in the business of insurance. Accordingly, because the plaintiff has stated a valid cause of action against the adjuster defendants, this Court must remand unless the statute of limitations has run.

C. Statute of Limitations

The statute of limitations for bringing an action under the UTPA is one year. Syl. pt. 1, Wilt v. State Auto Mut. Ins. Co., 506 S.E.2d 608 (W. Va. 1998). In this case, the car accident occurred in 1988 and the civil action was not brought until 2009. Generally, the statute of limitations would have begun to run when the alleged violation of the UTPA occurred. Under the "discovery rule," however, "'the statute of limitations is tolled until a claimant knows or by reasonable diligence should know of his claim.'" Dunn v. Rockwell, 689 S.E.2d 255, 262 (W. Va. 2009) (quoting Gaither v. City Hospital, Inc., 487 S.E.2d 901, 906 (W. Va. 1997)). In West Virginia, courts apply a five-step analysis to determine whether a cause of action is time barred:

> First, the court should identify the applicable statute of limitation for each cause of action. Second, the court (or, if questions of material fact exist, the jury) should identify when the requisite elements of the cause of action occurred. Third, the discovery rule should be applied to determine when the statute of limitation began

> to run by determining when the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action . . . . Fourth, if the plaintiff is not entitled to the benefit of the discovery rule, then determine whether the defendant fraudulently concealed facts that prevented the plaintiff from discovering or pursuing the cause of action. Whenever a plaintiff is able to show that the defendant fraudulently concealed facts which prevented the plaintiff from discovering or pursuing the potential cause of action, the statute of limitation is tolled. And fifth, the court or the jury should determine if the statute of limitation period was arrested by some other tolling doctrine. Only the first step is purely a question of law; the resolution of steps two through five will generally involve questions of material fact that will need to be resolved by the trier of fact.

Syl. pt. 5, Dunn, 689 S.E.2d 255.

The West Virginia Supreme Court of Appeals stated that steps two through five of the above test are normally to be resolved by the trier of fact. As to step two, when the requisite elements of the cause of action occurred, there is a genuine dispute of material fact for the trier of fact. Allstate believes it is obvious that the cause of action occurred within the one year statute of limitation. The plaintiff, however, argues that the defendants concealed alleged illegal conduct.

As to step three, this Court notes that the parties dispute what date "the plaintiff knew, or by the exercise of reasonable diligence should have known, of the elements of a possible cause of action." Id. There is a possibility that the plaintiff did not know, or would not know by the exercise of reasonable diligence of the elements of a possible cause of action in this case.

9

After the trier of fact decides whether the plaintiff is entitled to the application of the discovery rule, the trier of fact then must determine whether the doctrine of fraudulent concealment applies to toll the statute of limitation. This is a factual issue that a jury must determine. As stated above, removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Mulcahey, 29 F.3d at 151. Because it is possible that the plaintiff has a claim for violation of UTPA against the adjuster defendants and because it is possible that the statute of limitations has been tolled under the discovery rule, this Court must remand this civil action to the Circuit Court of Marshall County, West Virginia.[2]

## V. Conclusion

For the reasons stated above, the plaintiff's motion to remand is GRANTED and defendant Allstate Insurance Company's motion for leave to file a surreply in opposition to the plaintiff's motion to remand is GRANTED. Accordingly, the Clerk is DIRECTED to file Allstate Insurance Company's surreply. Defendant Allstate Insurance Company's motion to dismiss and defendant Larry D. Poynter and defendant Steve Hatcher's motion to dismiss are DENIED

---

[2]This Court notes that even if the civil conspiracy and fraud claims were well pleaded or stated a claim, even though a different statute of limitations period applies, those claims would still be subject to the same statute of limitations analysis as the UTPA claim and remand would be required.

WITHOUT PREJUDICE to the parties raising the same issues before the Circuit Court of Marshall County, West Virginia.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: September 23, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE